Good morning, I'm John Rhodes from the Missoula Office of the Federal Defenders of Montana. I represent Victoria Ray. Our argument this morning results from the fact that following the Apprendi line of cases culminating in Booker, that the Supreme Court, when there are mandatory sentencing guidelines, has redefined maximum sentence, statutory maximum, the maximum punishment. I think as the Court's well aware, following Booker, when there are mandatory guidelines, the statutory maximum is not found in the United States Code, but instead is found in the high end of the sentencing guideline range that results from either the offensive conviction following trial or the offensive conviction following a guilty plea. Could I just ask a preliminary question? What is Miss Ray's custody status today? She served the six-month and the nine-month terms. Is that correct? She has not fully served her second six-month term, Your Honor. She's scheduled to be released either in late May or early June. Even if she was already released, if our argument prevails, Your Honor, she would no longer have a supervised release term. So even if the Court reached a decision favorable to Miss Ray after she was released from custody, the result would be that her supervised release term would be terminated. So this is not a moot issue. Okay. Let me ask also sort of a preliminary question. How is the issue raised in this case different from the issue raised in the immediately previous appeal? In Miss Ray's first revocation, Your Honor, the argument there was that the cumulative punishment that she received from her underlying sentencing, which was 10 months, combined with her revocation punishment could not exceed her original sentencing guideline range, which was 6 to 12 months, because in order to revoke her that first time, we maintained the judge found facts which increased her maximum punishment, and that those facts found by the judge resulted in cumulative punishment in excess of 12 months. That was our first appeal. In this case, as I'm sure the Court's well aware from reading our briefs, we're arguing that the statutory maximum resulting from her original sentence under Booker because she was sentenced pursuant to mandatory guidelines is 12 months. And that 12-month statutory maximum determines the amount of supervised release revocation imprisonment she can receive under 18 U.S.C. 3583, subsection E. But the sentence in that case also exceeded the guideline. In the first case, correct. Yes. And that's the argument you're making here, right? You can't exceed the guideline. Our argument here is that the original guideline range high end, which was 12 months, that 12 months is the statutory maximum, the maximum sentence under Booker, and you use that to determine the amount of supervised release revocation imprisonment that she can receive, which under 3583E says that when the maximum sentence is 12 months, the maximum revocation imprisonment is 12 months. So we have a different argument going to the same effect. Counsel, when the statute was passed, Congress clearly had in mind statutory maximum as applying to the statute. Do you agree with that? I would agree. And this Court has said that's what the Congress meant in 3559 in the Avery case. Is there anything wrong with the revocation or the supervision period being tied to that rather than to the sentence that the individual actually gets? If Congress intended that you tie the period of supervision to the maximum that could be given under the statute, isn't that the end of it? No, because that's what Congress intended generally before the Apprendi Revolution. And now there's been this upheaval in the law. And when you have mandatory guidelines, which when Judge Malloy revoked Ms. Wray, he was implementing and effectuating her original sentence, which was opposed under mandatory guidelines. And the Supreme Court has said under mandatory guidelines that we have redefined statutory maximum, maximum sentence, maximum term of imprisonment. Well, for certain purposes, and I'm not sure for this, in effect, you're wanting to tie the district court to the judge's hands. The judge might think, well, I think in this case, I can give a short sentence. But I'm going to need to keep this person under supervision. Now, you're almost saying he's got to give a longer sentence if he wants to have him under supervision that long. I think you may be doing a disservice to defendants. Well, the window of opportunity for this argument is very limited, because defendants being sentenced now are no longer being sentenced under mandatory guidelines. And that's one of the linchpins of this argument. When somebody's being sentenced under advisory guidelines, and the Supreme Court has said in the Booker Remedy opinion, Justice Breyer's opinion, that the statutory maximum is found in the United States Code. Here, our argument is premised on the fact that she was sentenced under mandatory guidelines. So somebody being sentenced today, this argument wouldn't apply to. Let me, help me out with tracing this. He was convicted, she was convicted under Section 656. Is that correct? Fraud. And that has a 30-year maximum sentence, and a three-year maximum which would then make it a three-year maximum for a revocation. Supremacy. Imprisonment. Right. Am I right about that or not? If the Supreme Court had not redefined what the statutory maximum or maximum sentence meant when you're sentencing under mandatory guidelines. Now, you've mentioned Apprendi. Are you, where does Booker fit into this? Well, our argument stems from Booker's redefinition of statutory maximum or maximum sentence. What Your Honor just laid out, that was pre-Apprendi, pre-Blakely, pre-Booker understanding of statutory maximum. That it was found in the United States Code. Booker is saying statutory maximum with, under mandatory sentencing guidelines, is not found in the United States Code, but instead is the high end of the conviction without the judge making any additional factual findings. I don't see how Booker can amend a statute of conviction. Booker's not amending the statute of conviction. It's amending what statutory maximum means, or maximum sentence, or maximum term of imprisonment. That's what Booker changed. We haven't, I agree with you to this extent. We haven't addressed this precise question, but several other circuits have, right? And they all come down on the opposite side. I wasn't aware, Your Honor, that other circuits have raised this or reached this argument. Well, the second circuit has, right, a case called Goffey. I'll have to take a look at that, Your Honor. I know I already did. Goffey, so has the Fifth Circuit, and they say, you know, nothing in Booker changes the result that would have obtained before Booker on these, in this narrow class of supervised release revocation hearing cases. I believe, Your Honor, is referring to supervised release revocation sentences where the argument was the same as presented to this Court in Wuerka-Pimitol, where basically the argument came down to the judge finding facts in order to find that there was a violation of supervised release based on that finding of violation, then imposing additional punishment. This is a different argument saying that the phrase statutory maximum, maximum term of imprisonment has been redefined by Booker when they're sentencing under mandatory guidelines. Well, there's nothing that has said that it would be unconstitutional for Congress to say that the period of supervision and revocation is tied to the statute. Is that correct? It would be correct if Booker didn't redefine what maximum sentence meant. No, I'm asking, there's nothing that would make it unconstitutional. If Congress did that today because the guidelines are now advisory, that would be fine. So you're saying that Congress, in a different context, can redefine what Congress meant. That's really what you're saying to us. Yes, particularly today because they're advisory guidelines. I'd like to reserve my remaining seconds. Your remaining seven seconds. All right, counsel. Thank you, Your Honor. We'll hear from the government. Good morning, Your Honor. May it please the Court. My name is Tim Roscoe from the United States Attorney's Office. I'm in the Missoula, Montana branch office. Your Honor, it's our position that there is no reason to read the statutes that are really an issue in this case, 3559 and 3583, any differently unless there's a constitutional problem created by what the judge does in a supervised release revocation. And there is no problem constitutionally under the Sixth Amendment because the only fact that needs to be found for the district judge to impose a sentence of three years imprisonment for a Class B felony is found at the time in this case when Ms. Ray admits that she violated bank fraud in violation of 656 of Title 18. That's the only fact that needs to be found in order for the three-year term of imprisonment in 3583 to apply, and that fact was found when she admitted it. Admittedly, the district judge has to find facts to revoke her to serve as a source of a revocation at the time of the revocation hearing, but those facts don't affect the maximum term that can be imposed under 3583. In the absence of- Wait a minute. So those facts go only to whether or not there's cause to revoke release, is that right? That's our position, Your Honor. And they don't go to the penalty to be imposed if there is a finding that supervised release has been violated, is that right? That would be precisely our position. And to- I'm just trying to follow your argument now. And in order to make that determination, what sentence to give, no new fact needs to be found. It's based upon the prior finding at the time of the original conviction and sentence? That's correct. And that's what sets the outer limit? That's what sets the outer limit. So you'd have to find facts in order to revoke. I have to find you violated whatever these conditions are that the probation office says you violated. But once I do that, to determine how much imprisonment I can potentially give you, I go right back to the fact of conviction, the Class B felony that you admitted at the time of your change of plea, and then cross-reference the statutes for which there is no constitutional implication posed for her. And she admitted the facts that led to the revocation, isn't that correct? She did, Your Honor. That is correct. So, Counsel, getting back to the example I raised with Mr. Rhodes, the crime of conviction was a violation of Section 656, which provided for a 30-year maximum, which translated into a three-year maximum for revocation of supervised release. Is that my analysis correct? That's correct. All right. And what you're saying is Booker didn't affect that in any way? That's correct. Booker certainly said the maximum sentence under a mandatory guideline regime is the high end of the guideline range, but he didn't say anything about the statutory maximum, particularly when the statutory maximum that triggers 3583 is really separate and apart from the analysis of what the maximum sentence could have been imposed under a mandatory guideline system. There's an old saying. Well, just to clarify what's going on here, but isn't the defendant's argument that, well, what Booker did was change the maximum sentence that could be imposed for the underlying offense, right? And then so if that's changed, then that necessarily changes whether this is a class A or class B or class C felony for purposes of supervised release revocation. Isn't that the argument? That is Ms. Ray's argument. And what's wrong with that argument? Booker does do that. It says, well, now, right, that, you know, the guideline sentence is the maximum. Correct. The guideline sentence is the maximum for which he can be sentenced for the crime of conviction. But Booker says nothing about the thrust of Booker is it's because we're creating a Sixth Amendment problem with the judge's finding facts that the defendant either didn't admit or that weren't found by a jury. Here, the defendant admitted, I committed bank fraud. I committed the offense as charged under Title 18-656, which is a 30-year maximum. And the judge doesn't need to find any additional facts to that three-year term of imprisonment under 3583E. In the absence of the judge finding those additional facts, there's no Sixth Amendment problem and no problem reading 3559 and 3583 as they are written by Congress. Anything further, Counsel? Nothing further, Your Honor. Thank you. Thank you. Mr. Rhodes, you have some reserved time. Thank you, Your Honor. The government was arguing about fact-finding at supervised release. And Judge Tsushima, you accurately summarized our position. The only way that fact-finding would be an issue here is if the district court wanted to somehow say that the original statutory maximum at the original underlying sentencing was 30 years because there were mandatory guidelines. And under Ms. Wray's original guideline calculation, based on her guilty plea, the guideline range was 6 to 12 months. So the high end of that guideline range under Booker is the statutory maximum. The only way to get to a 30-year statutory maximum, the maximum the government's saying applies here, would have required a whole bunch of fact-finding by the district court judge, and that's what Booker prohibited. And so that's the only way fact-finding would be an issue here. Thank you, Counsel. The case just argued will be submitted for decision.
judges: B. Fletcher, O'scannlain, Tashima